UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AWAD YIMER AYNISHER, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CR06-26-RSL-JPD <br><br> DETENTION ORDER |

Offenses charged:

Count 1: Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

Counts 26 through 28: Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 18 U.S.C. § 2.

Count 29: Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

Count 30: Carrying and Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Count 31: Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Date of Detention Hearing:   February 23, 2006.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges.

(2) Defendant has no ties to the Western District of Washington, or to this community.

(3) Defendant has potential substance-abuse issues.

(4) Defendant has a lengthy, prior, criminal-offense background history.

(5) It is alleged that defendant is associated with the East African Posse street gang, which is reported to be involved heavily in criminal activity, including violent activity.  This is part of the conspiracy charge in the first count of the indictment.  Also, in Count 30, defendant is charged with carrying and possessing firearms.

(6) Defendant failed to self-surrender after notification that a warrant for his arrest had been issued.

(7) There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required, or the safety of the community

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 24th day of February, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge