UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR06-026RSL |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE AND FOR COUNSEL |
| AWAD YIMER AYNISHER, | |
| Defendant. | |

# I. INTRODUCTION

This matter comes before the Court on *pro se* petitioner's "Motion Seeking Modification of Sentence" (Dkt. #422) and for counsel to represent him on this motion (Dkt. #425). Having reviewed the submissions of the parties and the applicable law, the Court DENIES petitioner's motions.

# II. DISCUSSION

## A. Motion to Reduce Sentence

Petitioner moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

However, § 3582(c)(2) is inapplicable here because defendant's sentence was not based on a sentencing

ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE AND FOR COUNSEL- 1

| 1 | range that was lowered. Defendant was sentenced to a 10 year mandatory minimum required by statute.

2 See 21 U.S.C.A. § 841(a)(1). The Sentencing Commission has not altered and cannot alter a statutory

3 mandatory minimum sentence, and that mandate continues to apply. See, e.g., United States v. Paulk,

4 569 F.3d 1094, 1095 (9th Cir. 2009) ("We must decide whether a defendant sentenced pursuant to a

5 statutory mandatory minimum is entitled to a reduction of sentence under 18 U.S.C. § 3582(c)(2). We

6 conclude that the district court has no authority to reduce a sentence in these circumstances . . . .")

      18 U.S.C. § 3582(c)(2) also does not apply here because Mr. Aynisher's sentence was based on a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). See Dkt.#432-2 at 5. This Court has no authority to alter a sentence imposed under this provision. See Fed. R. Crim. P. 11(c)(1)(C) (" . . .such a recommendation or request binds the court once the court accepts the plea agreement"); see also United States v. Pacheco-Navarette, 432 F.3d 967, 971 (9th Cir. 2005).

      For both the reasons cited above, petitioner's motion is DENIED.

**B.    Motion for Counsel**

      After submitting his motion for a sentence reduction, Mr. Aynisher filed another letter motion (Dkt. #425) requesting the Court appoint a lawyer to represent him in this motion. For the reasons outlined above, petitioner's motion fails as a matter of law. The Court also DENIES his motion for counsel.

### III. CONCLUSION

      For the foregoing reasons, the Court DENIES petitioner's motions to reduce sentence (Dkt. #422) and for counsel (Dkt. #425).

      DATED this 8th day of January, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE AND FOR COUNSEL- 2